IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

AMERICAN HOME ASSURANCE COMPANY,

     Plaintiff

  v.            2:16cv1065-DSC
             Electronic Filing

SUPERIOR WELL SERVICES, INC.,

     Defendant.

U.S. ENERGY DEVELOPMENT CORPORATION,

   [Proposed]  Intervenor-Defendant.

_____

# U.S. ENERGY DEVELOPMENT CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE

**HODGSON RUSS LLP**
*Attorneys for Intervenor-Defendant*
Robert J. Lane, Jr.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202-4040

## TABLE OF CONTENTS

PAGE

Preliminary Statement........................................................................................................1

Relevant Facts..................................................................................................................2

Argument .........................................................................................................................3

I.      U.S. ENERGY IS ENTITLED TO INTERVENE AS OF RIGHT ....................................5

        A.      U.S. Energy's Motion Is Timely...........................................................................5

        B.      U.S. Energy Has A Sufficient Interest in This Litigation. .......................................6

        C.      U.S. Energy's Interests May Be Impaired By The
                Disposition of This Case......................................................................8

        D.      U.S. Energy's Interests Are Not Adequately Represented. ....................................8

II.     ALTERNATIVELY, THE COURT SHOULD GRANT
        U.S. ENERGY PERMISSION TO INTERVENE.............................................................9

III.    U.S. ENERGY SUBMITTED ITS ANSWER WITH THIS MOTION ...........................10

Conclusion ......................................................................................................................11

## **TABLE OF AUTHORITIES**

PAGE

**Federal Cases**

*Amalgamated Transit Union, Local 1729 v. First Grp. Am. Inc.*,
   2:15-cv-806, 2016 WL 520989 (W.D. Pa. Feb. 10, 2016) ..................................................5, 6

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*,
   701 F.3d 938 (3d Cir. 2012).............................................................................................4, 5

*Deutschman v. Beneficial Corp.*,
   132 F.R.D. 359 (D. Del. 1990) ..........................................................................................5, 9

*Donaldson v. United States*,
   400 U.S. 517 (1971)..............................................................................................................6

*King v. Christie*,
   981 F. Supp. 2d 296 (D.N.J. 2013) ...................................................................................5, 9

*Kleissler v. U.S. Forest Serv.*,
   157 F.3d 964 (3d Cir. 1998)........................................................................................4, 5, 6, 9

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
   419 F.3d 216 (3d Cir. 2005).......................................................................................5, 7, 10

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
   72 F.3d 361 (3d Cir. 1995)........................................................................................4, 5, 6, 7

*Select Retrieval LLC v. AmeriMark Direct LLC*,
   11-812-RGA, 12-1440-RGA, 2013 WL 3381324 (D. Del. July 3, 2013) ................................5

*State Farm Fire & Cas. Co. v. Clark*,
   2:13-cv-00067, 2013 WL 3049082 (W.D. Pa. June 17, 2013) ...........................................5, 10

*In Re Stone & Webster, Inc.*,
   380 B.R. 366 (D. Del. 2008)................................................................................................9

**Rules**

Fed. R. Civ. P. 24 ...............................................................................................1, 3, 4, 9, 10, 11

U.S. Energy Development Corporation ("U.S. Energy") submits this memorandum of law in support of its motion to intervene under Federal Rule of Civil Procedure 24.

### Preliminary Statement

U.S. Energy seeks to intervene to protect its interest in a multi-million dollar award of damages it obtained by jury verdict on May 18, 2018 against Superior Well Services, Inc. ("Superior") in the underlying lawsuit.[1]

In this action, American Home Assurance Company ("AHA") seeks declaratory judgment that it is not required to honor its obligation to Superior under the relevant policies to defend and indemnify Superior in the underlying lawsuit.  Thus, U.S. Energy's right to recover on the verdict in the underlying lawsuit will be significantly impaired without the opportunity to intervene in this action.

U.S. Energy satisfies the standard for intervention as-of-right under Federal Rule of Civil Procedure 24.  U.S. Energy has a sufficient interest in the outcome of this litigation because its non-contingent, legal right to recover on the jury's multi-million-dollar verdict against Superior depends on the outcome of this action.  As this Court is aware, Superior's successor C&J Energy declared Chapter 11 bankruptcy in July 2016, resulting in Superior becoming a Chapter 11 reorganized entity, and rendering U.S. Energy an unsecured creditor among a pool of similarly situated creditors.  This significantly prejudices U.S. Energy's ability

---

[1]     The "underlying lawsuit" is *U.S. Energy Development Corporation, et al. v. Superior Well Services, Inc. v. Kroff Chemical Company, Inc.*, Supreme Court, Erie County, Index No. 2010-9586.  *See* Declaration of Robert J. Lane, Jr., dated June 27, 2018 ("Lane Decl."), ¶ 2.

to recover the monetary judgment made by the jury in the underlying lawsuit.  In addition, pursuant to the plan of reorganization in Superior's bankruptcy, U.S. Energy is required to exhaust all remedies with respect to Superior's insurance policies before it may recover from the bankruptcy estate.

Because this case is in its early stages, U.S. Energy's motion is timely, and neither AHA nor Superior will be prejudiced by U.S. Energy's intervention.  Moreover, U.S. Energy's intervention will not inject new issues into this action and will not expand the scope of discovery.

### Relevant Facts

On July 20, 2016, AHA filed its initial complaint seeking declaratory judgment that it is not obligated to defend or indemnify Superior for U.S. Energy's claims against Superior.  Dkt. No. 1.  Just over a month later, Superior filed a suggestion of bankruptcy.  Dkt. No. 6.  Soon after, the Court ordered the case statistically closed based on Superior's bankruptcy filing.  Dkt. No. 8.  The case remained inactive for over 17 months, until AHA moved to reopen in February 2018.  Dkt. No. 9.  The Court ordered the case reopened on February 12, 2018.  Dkt. No. 12.

Superior then moved to dismiss the complaint.  Dkt. Nos. 14, 15.  In response, AHA filed an amended complaint on April 4, 2018.  Dkt. No. 20.  Superior moved to dismiss the amended complaint on April 18, 2018.  Dkt. Nos. 22-23.  The motion to dismiss the amended complaint was fully briefed as of June 1, 2018 and is awaiting decision.  Dkt. Nos. 24, 35.

The Court held a Case Management Conference on May 21, 2018 and then issued a Case Management Order.  Dkt. Nos. 29, 31.  The deadline for joining parties is September 18,

2018.  Discovery closes on October 18, 2018.  The parties must file dispositive motions by

January 31, 2019.  Dkt. No. 31.  Discovery has not yet commenced.  Mediation is scheduled for

June 28, 2018.  Dkt. No. 33.  U.S. Energy intends to participate in the mediation without

objection by either party.  Lane Decl. ¶ 10.

Since the Court reopened this case, U.S. Energy's lawsuit against Superior went

to trial in the Commercial Division of New York State Supreme Court, Erie County.  *See* Lane

Decl. ¶ 3.  The three-week jury trial began on April 30, 2018.  *Id.*  On May 18, 2018, the jury

returned a verdict in favor of U.S. Energy, finding that Superior was liable for negligent

performance of its services contracts with U.S. Energy, that Superior caused damage to 53 U.S.

Energy natural gas wells, and awarding U.S. Energy $6.16 million in damages.[2]  Lane Decl. ¶ 3.

At Superior's request, the trial court granted 60 days from May 18, 2018 (*i.e.*, until July 17,

2018) to file a motion to set aside the jury's verdict and a 90-day stay of entry of judgment.  *Id.* ¶

4.

## **Argument**

Federal Rule of Civil Procedure 24 creates two independent bases for

intervention:  "Intervention of Right" and "Permissive Intervention."  Under Federal Rule 24(a),

"[o]n timely motion, the court must permit anyone to intervene who:

    (1)    is given an unconditional right to intervene by a federal
statute; or

    (2)    claims an interest relating to the property or transaction that
is the subject of the action, and is so situated that disposing
of the action may as a practical matter impair or impede the

---

[2]    Under New York law, U.S. Energy is entitled to collect interest on this award.  *See* NY
CPLR §§ 5001, 5002.

> movant's ability to protect its interest, unless existing
> parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  Under Federal Rule 24(b), on timely motion, the court may permit anyone to intervene who is "given a conditional right to intervene by a federal statute" or who "has a claim or defense that shares with the main action a common question of law or fact."

U.S. Energy is entitled to intervene as of right because it satisfies Federal Rule 24(a), as interpreted by the Third Circuit:  (1) U.S. Energy's application to intervene is timely because U.S. Energy filed its motion shortly after the initial Case Management Conference on May 21, 2018, long before the close of fact discovery, and soon after receiving the jury verdict that establishes its sufficient interest to intervene; (2) U.S. Energy has a sufficient interest in the litigation because the outcome of the litigation impacts U.S. Energy's ability to realize its non-contingent, legal right to damages, especially in light of Superior's bankruptcy; (3) there is a risk that the disposition of the litigation will impair U.S. Energy's legal right to collect its damages award; and (4) U.S. Energy's interests are not adequately represented by the existing parties because its interests do not perfectly align with Superior's.  *See Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998); *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 948 (3d Cir. 2012); *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995).

Alternatively, the Court should exercise its discretion to allow U.S. Energy to intervene under Federal Rule 24(b).  U.S. Energy satisfies the Third Circuit's three-part standard for permissive intervention because:  (1) its application is timely; (2) this litigation shares common questions of law and fact regarding Superior's conduct in performing hydrofracturing services on U.S. Energy's wells and the resulting damage to U.S. Energy; and (3) its intervention

4

will not cause undue delay or prejudice the original parties' rights.  *See King v. Christie*, 981 F. Supp. 2d 296, 309 (D.N.J. 2013); *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 381-82 (D. Del. 1990); *see also State Farm Fire & Cas. Co. v. Clark*, 2:13-cv-00067, 2013 WL 3049082, at *2-*3 (W.D. Pa. June 17, 2013).

## I.   U.S. ENERGY IS ENTITLED TO INTERVENE AS OF RIGHT

Of-right intervention requires proof of:  (1) a timely application to intervene; (2) sufficient interest in the litigation; (3) risk that the prospective intervenor's interest will be impacted by the disposition of the litigation; and (4) inadequate representation of the prospective intervenor's interest by the existing parties.  *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005); *Benjamin ex rel. Yock*, 701 F.3d at 948; *Kleissler*, 157 F.3d at 969; *Mountain Top*, 72 F.3d at 365-66.  U.S. Energy satisfies all four elements.

## A.   U.S. Energy's Motion Is Timely

When examining timeliness, Third Circuit courts consider: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Benjamin ex rel. Yock*, 701 F.3d at 949 (quoting *Mountain Top*, 72 F.3d at 369) (internal quotations omitted).  A motion to intervene is timely when filed shortly after the case management conference and long before the close of fact discovery and any trial date.  *See Select Retrieval LLC v. AmeriMark Direct LLC*, 11-812-RGA, 12-1440-RGA, 2013 WL 3381324, at *2 (D. Del. July 3, 2013) (holding that an intervention motion was timely when filed less than four months after Rule 16 conference and two years before the scheduled trial date).  And a motion to intervene filed after a case had been stayed is timely — even if the case technically is no longer in its infancy — where the court has not yet ruled on the merits.  *See Amalgamated Transit*

*Union, Local 1729 v. First Grp. Am. Inc.*, 2:15-cv-806, 2016 WL 520989, at *2 (W.D. Pa. Feb. 10, 2016) (holding that motion to intervene was timely where the "proceeding [wa]s no longer in its infancy, but it ha[d] been stayed . . . and, aside from the issuance of the stay, no rulings on the merits of the action ha[d] been made").

This case was filed in 2016 but, as a result of Superior's bankruptcy filing, was stayed for almost a year and a half. Dkt. Nos. 1, 8, 9, 12. Superior's motion to dismiss was just recently fully briefed, and the Court has not yet ruled on the merits. Dkt. No. 35. The Case Management Order in this case issued on May 29, 2018. Dkt. No. 31. Discovery does not close until October 18, 2018. Dkt. No. 31. Moreover, U.S. Energy's intervention will not inject new legal issues into the case and will not impact the scope of discovery because U.S. Energy does not raise new claims against either of the original parties. *See* Lane Decl., Ex. 4 (Answer in Intervention). Thus, U.S. Energy's intervention would neither materially disrupt the current schedule nor prejudice Superior or AHA.

**B.      U.S. Energy Has a Sufficient Interest in this Litigation**

To satisfy the second prong of the Third Circuit's of-right intervention test, the intervenor "must have an interest 'relating to the property or transaction which is the subject of the action' that is 'significantly protectable.'" *Kleissler*, 157 F.3d at 969 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). The interest "must be a legal interest as distinguished from interests of a general and indefinite character." *Mountain Top*, 72 F.3d at 366 (internal quotations and citation omitted). In other words, the intervenor "must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Id.* (internal quotations and citations omitted). Accordingly, "that a lawsuit ***may*** impede a third party's ability to recover in a separate suit" typically does not confer a right to intervene. *Id.* (emphasis added);

6

*see also Treesdale*, 419 F.3d at 224.  But "a proposed intervenor's interest in a specific fund can be sufficient to allow intervention as of right."  *Treesdale*, 419 F.3d at 221; *see Mountain Top*, 72 F.3d at 366.

Under those standards, U.S. Energy has a sufficient interest in this litigation to intervene as of right.  U.S. Energy has a definite legal interest in the outcome of this action — *i.e.*, in a judgment favorable to Superior that its insurance applies to cover the significant jury verdict obtained against Superior.  This litigation poses a "tangible threat" to U.S. Energy's legally cognizable interest because the insurance coverage at issue represents specific funds that should be paid to U.S. Energy in compensation for Superior's negligent conduct in the underlying action.  *See Mountain Top*, at 72 F.3d at 366-67 (internal citations omitted).

Unlike in *Treesdale*, there is no uncertainty surrounding U.S. Energy's right to the insurance coverage funds.  First, U.S. Energy has already obtained a jury verdict against Superior.  *See* Lane Decl. ¶ 3.  U.S. Energy's interest is not "contingent upon" a "mere expectancy of[] success" in its claims against Superior; there are no contested issues of fact remaining to be resolved.  *See Treesdale*, 419 F.3d at 223-24 (internal quotations omitted).  The jury verdict demonstrates that U.S. Energy already "prove[d] the merits of [its] case[] and establish[ed] causation."  *See id.* at 224.  Second, as this Court is aware, Superior is in bankruptcy.  Dkt. No. 6.  Thus, unlike in *Treesdale*, there is no dispute regarding whether Superior is solvent.  *See Treesdale*, 419 F.3d at 226.  It is undisputed that Superior is ***not*** solvent.  Thus, Superior's insurance policies are the primary, or at least material, source of funds to satisfy U.S. Energy's damages award in the underlying action.  And under Superior's plan of reorganization and the order lifting the bankruptcy stay, U.S. Energy is required to exhaust all remedies with respect to Superior's insurance policies before it may recover from the bankruptcy

estate.  *See* Lane Decl., Ex. 1, Article VI (M)(2); *id.*, Ex. 2.  U.S. Energy's concrete, non-contingent interest in this insurance coverage action supports its of-right intervention.

C.    **U.S. Energy's Interests May Be Impaired
      By The Disposition of This Case**

        AHA seeks declaratory judgment that would define the scope of insurance coverage available to Superior to satisfy the jury verdict U.S. Energy obtained against Superior.  *See* Lane Decl., Ex. 3 (Amended Complaint) ¶ 1.  If AHA prevails, the judgment it obtains could substantially decrease, or eliminate, the insurance funds paid to U.S. Energy to satisfy its jury verdict against Superior.  Lane Decl. ¶ 8.  Given that U.S. Energy obtained a jury verdict against Superior,[3] and that Superior declared bankruptcy,[4] declaratory judgment for AHA would substantially impair U.S. Energy from realizing its non-contingent, legal right to recover on the jury verdict it obtained.  Lane Decl. ¶ 8.

D.    **U.S. Energy's Interests Are Not Adequately Represented**

        Although U.S. Energy and Superior seek the same ultimate outcome in this litigation (*i.e.*, denying AHA's declaratory judgment claims), their interests are not perfectly aligned.  Having declared bankruptcy, Superior no longer has a direct economic stake in the outcome of this insurance coverage action.  If AHA prevails, Superior will not write a check to U.S. Energy to satisfy the jury's damages award.  Rather, U.S. Energy will be relegated to the bankruptcy estate, through which it might obtain a portion of the damages award to which it is entitled.  *See* Lane Decl. ¶ 8.  Superior has little at stake in the outcome of this action, but U.S. Energy's realization of its rights substantially depend on it.  U.S. Energy cannot control

---

[3]     Lane Decl. ¶ 3.

[4]     Dkt. No. 6.

Superior's defense of this action and, given the discrepancy in Superior's and U.S. Energy's interests, U.S. Energy should not be deprived the opportunity to vigorously defend an action that could deny it the multi-million dollar recovery to which it is entitled.

Third Circuit law requires only that an intervenor demonstrate that the existing parties **may** not adequately represent the intervening party's interests. *See Kleissler*, 157 F.3d at 974. U.S. Energy satisfies that standard and should be allowed to intervene as of right.

## II.   ALTERNATIVELY, THE COURT SHOULD GRANT U.S. ENERGY PERMISSION TO INTERVENE

If the Court determines that U.S. Energy does not meet the requirements to intervene as of right, U.S. Energy moves for permission to intervene. Under Federal Rule 24(b), a party may intervene permissively when: (1) its application for intervention is timely; (2) its claim shares a common question of law or fact with the main action; and (3) the intervention may not cause undue delay or prejudice to the original parties' rights. *King*, 981 F. Supp. 2d at 309; *Deutschman*, 132 F.R.D. at 381-82.

As discussed above in Section I, U.S. Energy's motion is timely, and its intervention will not cause undue delay or prejudice AHA or Superior. U.S. Energy filed its application shortly after the Case Management Conference and long before the close of fact discovery. And U.S. Energy's intervention will not complicate the legal questions presented in the case or expand the scope of discovery. In fact, U.S. Energy's intervention could expedite resolution of this matter because U.S. Energy can contribute evidence that bears on the common issues in this case. *See In Re Stone & Webster, Inc.*, 380 B.R. 366, 374-75 (D. Del. 2008) ("In

fact, because the Interveners may have substantial evidence bearing on Plaintiffs['] tort liability, their participation might expedite the adversary proceeding").

Moreover, U.S. Energy's claims share common issues of law and fact with the main action.  AHA seeks declaratory judgment that it is not obligated to defend or indemnify Superior, alleging that (1) U.S. Energy's causes of action against Superior arose from Superior's faulty performance of hydrofracturing services, and (2) the property damage U.S. Energy claimed was not damage to its wells and was therefore not "property damage" under the policy. *See* Lane Decl., Ex. 3 (Amended Complaint) ¶¶ 24, 29, 32.  U.S. Energy's claims against Superior in the underlying lawsuit shared the aforementioned issues.  In fact, U.S. Energy's claims turned on whether Superior designed its hydrofracturing products and recipes in a reasonably careful manner and/or performed its hydrofracturing services in a reasonably careful manner, and whether (and what type of) damage U.S. Energy sustained.  Lane Decl. ¶¶ 2, 3, 9. These common issues of law and fact support permissive intervention here.  *See Clark*, 2013 WL 3049082, at *2 (holding that permissive intervention was proper where both lawsuits involved a question of whether conduct was intentional, and noting that "several 'common issues of law and fact'" put the motion to intervene "on different footing from other insurance intervention cases such as *Treesdale*, where the facts of the insured's underlying liability to the injured party had little, if anything, to do with whether the insurer ha[d] the obligation to defend the insured").

### III.   U.S. ENERGY SUBMITTED ITS <u>ANSWER WITH THIS MOTION</u>

Intervention under Federal Rule 24 requires submission of a "pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  U.S. Energy's

Answer in Intervention is submitted with this motion, attached to the Lane Declaration as Exhibit 4.

## **CONCLUSION**

For these reasons, U.S. Energy respectfully requests that the Court grant its motion to intervene as of right under Federal Rule 24(a), or, in the alternative, by permission under Federal Rule 24(b).

Dated:   June 27, 2018

> **HODGSON RUSS LLP**
> *Attorneys for Intervenor-Defendant*
>
> By    s/Robert J. Lane, Jr.
>              Robert J. Lane, Jr.
> The Guaranty Building
> 140 Pearl Street, Suite 100
> Buffalo, NY  14202-4040
> Telephone:  (716) 856-4000
> *rlane@hodgsonruss.com*
> NY 1910264

11