IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | : | Civil Action No. 16-cv-01065 |
| Plaintiff, | : | Hon. David S. Cercone |
| v. | : | |
| SUPERIOR WELL SERVICES, INC., | : | |
| Defendant, | : | |
| U.S. ENERGY DEVELOPMENT CORPORATION, | : | |
| Intervenor-Defendant. | : | |

**SUPERIOR WELL SERVICES, INC.'S ANSWER TO
AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Superior Well Services, Inc.("Superior Well"), for its Answer to

Plaintiff American Home Assurance Company's ("American Home") Amended Complaint,

[ECF No. 20], asserts the following answers and affirmative defenses:

**JURISDICTION AND VENUE**

1.        Admitted that in this action, *American Home Assurance Co. v. Superior

Well Services, Inc., et al.*, Civ. A. No. 16-cv-01065, Plaintiff American Home Assurance

Company ("Plaintiff") purports to bring two causes of action for declaratory judgment pursuant

to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure related to Plaintiff's

obligations to indemnify Superior Well for defense and indemnity coverage in relation to the

action entitled *U.S. Energy Dev. Corp. v. Superior Well Services, Inc.*, No. 009586-2010 in the

Supreme Court for the State of New York, Erie County (the "Underlying Lawsuit").  It is further

admitted that Plaintiff seeks a declaration that it is not obligated to defend or indemnify Superior

Well in connection with the Underlying Lawsuit or a declaration that the Underlying Lawsuit represents a single occurrence under the policies attached as exhibits to the Amended Complaint. Superior Well otherwise denies the allegations in Paragraph 1 of the Amended Complaint, including Plaintiff's entitlement to any relief requested in the Amended Complaint.

2.      The allegations in Paragraph 2 state conclusions of law and legal arguments as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 2.

3.      Superior Well is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      Superior Well denies the allegations in Paragraph 4 as stated.  Superior Well was acquired by Nabors Completion and Production Services Co. in 2010, which is now known as C&J Well Services, Inc., a Delaware corporation and bankruptcy debtor, with its principal place of business at 3990 Rogerdale Road, Houston, Texas 77042-5142.

5.      The allegations in Paragraph 5 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 5.

## FACTUAL BACKGROUND

*The Underlying Lawsuit*

6.      Admitted that the Underlying Lawsuit was originally filed in the Supreme Court for the State of New York, Erie County, under the caption *U.S. Energy Development Corporation v. Superior Well Services, Inc.*, Civ. A. No. 009586-2010 in September of 2010, that the action filed in New York Supreme Court (Erie County) was removed to federal district court for the Western District of New York, and that the action was remanded back to state court.  It is

denied that this remand occurred in 2016.  Superior Well further admits that the Third Amended

Complaint in the Underlying Lawsuit (the "Underlying Third Amended Complaint") was filed

on July 22, 2013 and that this document and others are attached to the Amended Complaint in

this case as Exhibit A.  The claims set forth in the Underlying Third Amended Complaint are the

same as those set forth in the original Complaint filed in 2010.  Superior Well further admits that

the Underlying Third Amended Complaint purports to bring causes of action for breach of

contract, subordination of payments, promissory estoppel, unjust enrichment and negligence, the

same as set forth in the original Complaint.

       7.     The Underlying Third Amended Complaint is a written document which

speaks for itself and Plaintiff's characterization of the same is denied.  To the extent a response is

required, it is admitted that the Underlying Third Amended Complaint alleges that Superior Well

provides oilfield services in New York State and elsewhere, and that it alleges upon information

and belief that Superior's business includes providing services to oil and gas companies in New

York and elsewhere, which services include the stimulation of natural gas wells by a process

known as hydrofracturing.  The allegations in Paragraph 7 are otherwise denied.

       8.     Superior Well is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 8.

       9.     The Underlying Third Amended Complaint is a written document which

speaks for itself and Plaintiff's characterization of the same is denied.  To the extent a response is

required, it is admitted that the Underlying Third Amended Complaint alleges that U.S. Energy

hired Superior Well to perform various services on its natural gas wells, including the provision

of hydrofracturing services for the purpose of extracting natural gas.

10.     The Underlying Third Amended Complaint is a written document which speaks for itself and Plaintiff's characterization of the same is denied.  To the extent a response is required, it is admitted that Paragraph 10 of the Amended Complaint contains a general description of hydrofracturing.  It is denied that the allegation contained in Paragraph 10 represents a complete description of the process of hydrofracturing.

11.     The Underlying Third Amended Complaint is a written document which speaks for itself and Plaintiff's characterization of the same is denied.  To the extent a response is required, it is admitted that the Underlying Complaint alleges that "[f]rom June 2005 through September 2007, [Superior Well] performed hydrofracturing services on approximately ninety-seven (97) natural gas wells operated by U.S. Energy" and that the Underlying Complaint also alleges that those wells "are located in Erie, Cattaraugus, and Chautauqua counties, New York." The allegations in Paragraph 11 are otherwise denied.

12.     The Underlying Third Amended Complaint is a written document which speaks for itself and Plaintiff's characterization of the same is denied.  To the extent a response is required, it is admitted that the Underlying Third Amended Complaint alleges that Superior Well used "SAS or SAS-1 ('SAS-1'), SAS-2, SAS Breaker 2, OB-Fe Breaker, and several other chemicals and additives" in providing hydrofracturing services on the ninety-seventy wells operated by U.S. Energy at issue in the Underlying Lawsuit.  It is also admitted that the Underlying Third Amended Complaint alleges that Superior Well "along with Kroff Chemical Company, Inc., was responsible for designing developing, and modifying the SAS Systems." The remaining allegations in Paragraph 12 and Footnote 2 are otherwise denied.

13.     The Underlying Third Amended Complaint is a written document which speaks for itself and Plaintiff's characterization of the same is denied.  To the extent a response is

required, it is admitted the Underlying Third Amended Complaint alleges that "[t]he SAS

Systems did not properly function in the Wells in which it was utilized."  The allegations in

Paragraph 13 are otherwise denied.

14.     The Underlying Third Amended Complaint is a written document which

speaks for itself and Plaintiff's characterization of the same is denied.  To the extent a response is

required, it is admitted that the Underlying Third Amended Complaint alleges that "[t]he use of

the SAS Systems by [Superior Well] in hydrofracturing many of the Wells caused the Wells to

be incapable of producing the volume of natural gas that they would have otherwise been

capable of producing[.]"  The allegations in Paragraph 14 are otherwise denied.

15.     The Underlying Third Amended Complaint is a written document which

speaks for itself and Plaintiff's characterization of the same is denied.  To the extent a response is

required, it is admitted that the Underlying Third Amended Complaint alleges that Superior

Well's conduct caused damages in an amount "not less than $17 million" and "believed to

exceed $17 million."  The allegations in Paragraph 15 are otherwise denied.

*The Insurance Policies*

16.     Admitted that American Home issued Commercial General Liability

policies to Superior Well under Policy Number 3602393, with effective dates of 8/1/2004 to

8/1/2005, 8/1/2005 to 8/1/2006, 8/1/2006 to 8/1/2007 and 8/1/2007 to 8/1/2008 (the "Policies"),

and that copies of the Policies are attached as Exhibits B, C, D and E to the Amended Complaint.

The allegations in Paragraph 16 are otherwise denied.

17.     The Policies are written documents which speak for themselves and

Plaintiff's characterization of the same is denied.  To the extent a response is required, it is

admitted that the Policies contain deductibles, definitions, conditions, exclusions, endorsements and limits of liability.  The allegations in Paragraph 17 are otherwise denied.

18.     The Policies are written documents which speak for themselves and Plaintiff's characterization of the same is denied.  To the extent a response is required, it is admitted that the quoted language appears in the Policies in Section I, Coverage A, but it is denied that the quoted language completely describes the substance of the Policies.  In addition, the quote is incomplete.  The allegations in Paragraph 18 are otherwise denied.

19.     The Policies are written documents which speak for themselves and Plaintiff's characterization of the same is denied.  To the extent a response is required, it is admitted that the quoted language appears in the Policies in Section V, ¶ 13, but it is denied that the quoted language completely describes the substance of the Policies.  In addition, the quote is incomplete.  The allegations in Paragraph 19 are otherwise denied.

20.     The Policies are written documents which speak for themselves and Plaintiff's characterization of the same is denied.  To the extent a response is required, it is admitted that the quoted language appears in the Policies in Section V, ¶ 17, but denied that the quoted language completely describes the substance of the Policies.  In addition, the quote is incomplete.  The allegations in Paragraph 19 are otherwise denied.

21.     The Policies are written documents which speak for themselves and Plaintiff's characterization of the same is denied.  To the extent a response is required, it is admitted that an exclusion entitled "Impaired Property" exists in the Policies and that the quoted language appears in that exclusion in the Policies in Section 1, Coverage A, Exclusion M, but it is denied that the quoted language completely describes the substance of the Policies.  It is additionally admitted that the quoted definition of "Impaired Property" appears in the Policies in

Section V, ¶ 8, but it is denied that the quoted language completely describes the substance of the Policies.  In addition, the quote is incomplete.  The allegations in Paragraph 19 are otherwise denied.

22.     The Policies are written documents which speak for themselves and Plaintiff's characterization of the same is denied.  To the extent a response is required, it is admitted that an exclusion entitled "Contractual Liability" exists in the Policies, which includes the following language: "'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."  It is denied that the allegations in Paragraph 22 completely or accurately describe the substance of the Policies.

23.     It is admitted that Superior Well provided notice to Plaintiff of all claims asserted in the Underlying Lawsuit on November 20, 2007 and also provided notice to Plaintiff of the commencement of the Underlying Lawsuit filed by U.S. Energy in September 2010.  It is further admitted that Plaintiff agreed to defend the claim and Underlying Lawsuit pursuant to a complete reservation of rights .  The allegations in Paragraph 23 are otherwise denied.

24.     The allegations in Paragraph 24 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 25.

26.     It is admitted that Plaintiff's lawsuit purports to seek a declaration that Plaintiff has no obligation to either indemnify or continue to defend Superior Well in the

Underlying Lawsuit or alternatively that the claim set forth in the Underlying Lawsuit constitutes

a single occurrence under the Policies, but it is denied that Plaintiff is entitled to any such relief.

## COUNT I

*Declaratory Judgment as to all Policies*

27.     Superior Well hereby incorporates and re-states as if fully set forth herein

its prior answers to the Amended Complaint set forth in Paragraphs 1 through 26.

28.     The allegations in Paragraph 28 state conclusions of law as to which no

response is required.  To the extent any response is required, Superior Well denies the allegations

in Paragraph 28.  To the contrary, the Underlying Lawsuit sets forth claims covered under the

Policies.

29.     The allegations in Paragraph 29 state conclusions of law as to which no

response is required.  To the extent any response is required, Superior Well denies the allegations

in Paragraph 29.  To the contrary, the Underlying Lawsuit includes claims covered under the

Policies.

30.     The allegations in Paragraph 30 state conclusions of law as to which no

response is required.  To the extent any response is required, Superior Well denies the allegations

in Paragraph 30.  By way of further response, Superior Well incorporates by reference its answer

to Paragraph 29.

31.     The allegations in Paragraph 31 state conclusions of law as to which no

response is required.  To the extent any response is required, Superior Well denies the allegations

in Paragraph 31.  By way of further response, Superior Well incorporates by reference its answer

to Paragraph 29.

32.     The allegations in Paragraph 32 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 33.

34.     The allegations in Paragraph 34 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 35.

**COUNT II**

*Alternative Count with Respect to Number of Occurrences*

36.     Superior Well hereby incorporates and re-states as if fully set forth herein its prior answers to the Amended Complaint set forth in Paragraphs 1 through 35.

37.     The allegations in Paragraph 37 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 state conclusions of law as to which no response is required.  To the extent any response is required, Superior Well denies the allegations in Paragraph 39.

### AFFIRMATIVE DEFENSE NO. 1

Plaintiffs' causes of action for declaratory judgment are barred by the applicable statute of limitations.

### AFFIRMATIVE DEFENSE NO. 2

The Court should decline to exercise subject-matter jurisdiction over American Homes' causes of action for declaratory judgment.

### AFFIRMATIVE DEFENSE NO. 3

Plaintiff's causes of action are not yet ripe, as the Underlying Lawsuit remains appealable.

### AFFIRMATIVE DEFENSE NO. 4

Plaintiff's causes of action are barred to the extent that there is not an actual and justiciable controversy between Plaintiff and Superior Well at present.

### AFFIRMATIVE DEFENSE NO. 5

Plaintiff's causes of action fail to state a claim against Superior Well upon which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 6

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and unclean hands.

### AFFIRMATIVE DEFENSE NO. 7

The Policies provide coverage to Superior Well for the circumstances associated with the Underlying Lawsuit and no exclusions or other bars to coverage apply.

## **AFFIRMATIVE DEFENSE NO. 8**

Plaintiff's causes of action are barred by the terms contained in or incorporated into the Policies.

## **AFFIRMATIVE DEFENSE NO. 9**

The facts of the Underlying Lawsuit represent more than a single occurrence as that term is defined within the Policies.

## **AFFIRMATIVE DEFENSE NO. 10**

Superior Well's work was not faulty, nor did its work cause the damage to the wells and formations at issue in the Underlying Lawsuit.

## **AFFIRMATIVE DEFENSE NO. 11**

The Amended Complaint does not describe the facts and causes of action asserted against Superior Well with sufficient particularity to enable Superior Well to determine all of the defenses it has in response to the Amended Complaint and Superior Well reserves the right to amend and add additional Affirmative Defenses.

WHEREFORE, having answered Plaintiff's Amended Complaint, Superior Well respectfully requests that this Court dismiss Plaintiff's Amended Complaint and enter judgment in Superior Well's favor and against Plaintiff and that the Court award Superior Well its attorneys' fees and costs of suit and such other and further relief that this Court deems appropriate.

Dated:  November 29, 2018                    Respectfully submitted,


                                       */s/ Michael G. Connelly*
                                        Michael G. Connelly
                                        P.A. I.D. No. 79991

                                        PEPPER HAMILTON LLP
                                        501 Grant Street, Suite 300
                                        Union Trust Building
                                        Pittsburgh, PA  15219-4429
                                        412.454.5000
                                        connellym@pepperlaw.com

                                        *Counsel for Superior Well Services, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Answer to Amended

Complaint and Affirmative Defenses has been served upon all counsel of record via the Court's

ECF filing system this November 29, 2018.


*/s/ Michael G. Connelly*
Michael G. Connelly