IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | : | Civil Action No. 16-cv-01065 |
| Plaintiff, | : | Hon. David S. Cercone |
| v. | : | |
| SUPERIOR WELL SERVICES, INC., | : | |
| Defendant, | : | |
| U.S. ENERGY DEVELOPMENT CORPORATION, | : | |
| Intervenor-Defendant. | : | |

[      **FIFTH AMENDED CASE MANAGEMENT ORDER**

AND NOW, this  17th day of  March        , 2020,

IT IS ORDERED that this case is placed under Local Rule 16.1 for all pretrial procedures and all provisions thereof will be strictly enforced;

IT IS FURTHER ORDERED that trial counsel shall appear for all scheduled conferences and proceedings before the court, including status, pretrial management and settlement conferences.  Counsel shall confer with their clients prior to all scheduled conferences and shall obtain settlement authority to resolve the case or have their principals immediately available by telephone during the conference.  Counsel are encouraged to appear with their principal(s) at all pretrial settlement conferences if practicable.

A.     **DISCOVERY AND PRETRIAL DEADLINES**

IT IS FURTHER ORDERED that compliance with Local Rule 16.1 shall be completed as follows:

1)     All fact and expert discovery shall be completed by **June 30, 2020**. All written discovery shall be initiated in sufficient time to permit responses to be completed and depositions to be taken in compliance with all applicable deadlines. If the completion of expert reports and/or the depositions of experts cannot for good cause be completed by the close of discovery, then prior to the close of discovery counsel shall agree upon a date for the exchange and submission of such reports and/or the taking of any necessary depositions.

2)     Prior to **July 15, 2020**, counsel shall confer and complete the attached pre-trial stipulation. The pre-trial stipulation shall be filed with the court on that date and shall contain all uncontested facts which can be considered by the court in rendering judgment

Prior to completing the pre-trial stipulation counsel shall disclose and identify for the record all exhibits to be offered at trial.

3)     Plaintiff's pretrial narrative statement shall be filed on or before **August 17, 2020** and comply with Local Rule 16.1.C.1.

Counsel shall specify all material facts to be proved at trial and identify all exhibits to be used in the plaintiff's case-in-chief. Proof of facts not specified or exhibits not identified may be excluded at trial upon objection or by the court *sua sponte*.

On the same date, plaintiff shall also file and serve (1) proposed findings of fact and conclusions of law and (2) a pre-trial brief in support of judgment. Plaintiff's proposed findings of fact and conclusions of law shall be consecutively numbered and shall address each contested issue of fact and/or law remaining for trial. Each proposed finding shall be supported by clear and specific references to the portions of the record relied upon to support it. Each proposed conclusion shall be supported by citation to appropriate authority. The proposed findings and conclusions shall be accompanied by a pre-trial brief in support of judgment integrating the proposed findings with the corresponding conclusions and demonstrating under the controlling authority why the relief requested is appropriate.

4)     Defendants' pretrial narrative statement shall be filed on or before **September 18, 2020** and comply with Local Rule 16.1.C.2.

Counsel shall specify all material facts to be proved at trial and identify all exhibits to be used in the defendants' case-in-chief. Proof of facts not specified or exhibits not identified may be excluded at trial upon objection or by the court *sua sponte*.

    On the same date, Defendants shall also file and serve (1) counter-proposed findings of fact and conclusions of law and (2) a pre-trial brief in support of judgment. Defendants' proposed counter findings and conclusions shall correspond to the same numbered findings and conclusions advanced by plaintiff before identifying any additional matters raised in defense. Each proposed counter finding shall be supported by clear and specific references to the portions of the record relied upon to support it. Each proposed counter conclusion shall be supported by citation to appropriate authority. The proposed counter findings and conclusions shall be accompanied by a brief in support of judgment integrating the proposed counter findings with the proposed counter- conclusions and demonstrating under the controlling authority why the relief requested is appropriate.

5)    All dispositive motions shall be filed on or before **October 23, 2020**, and comply with Local Rule 56.B.

**B.**    **MOTION PRACTICE**

    IT IS FURTHER ORDERED that a brief shall be filed with all motions except motions for a continuance, an extension of time, to compel discovery or to present an uncontested matter to the court. A response and brief in support thereof shall be filed within fourteen (14) days of service of a motion - except for a dispositive motion, which shall be filed within twenty-eight (28) days of service. Except for a reply brief to (1) a dispositive motion or (2) a motion for injunctive relief, which is to be filed within fourteen (14) days of service of the response (or as otherwise ordered), a reply brief shall be filed only with leave of court. When such leave is granted a reply brief shall be filed within seven (7) days of service of the response (or as otherwise ordered). Briefs shall not exceed twenty-five (25) pages without leave of court.

    The discovery deadline shall be extended only with leave of court. Any such motion shall state the reasons for the requested extension and enumerate with particularity all previous extensions of the deadline. The proposed order shall include and enumerate the extension of all remaining pretrial deadlines under subsection A above.

Counsel shall confer in good faith and employ all reasonable means available to resolve any discovery or scheduling dispute. Discovery motions shall comply with Local Rules 7, 37.1 and 37.2 and shall be presented and addressed by the parties as succinctly as the circumstances will permit.

Each motion for summary judgment shall comply with Local Rule 56.B. All such motions shall be accompanied by a concise statement of material facts to which the movant asserts there is no material issue for trial. Each concise statement of material facts shall comply with Local Rule 56.B.1 and each numbered paragraph therein shall contain clear and concise references to the parts of the record relied upon to support it. All referenced parts of the record shall be presented in an appendix that complies with Local Rule 56.B.3.

Any response and/or brief in opposition to a motion for summary judgment shall comply with Local Rule 56.C. All such responses/briefs in opposition shall be accompanied by a counter statement of material facts submitted in accordance with Local Rule 56.C. All counter statements of material facts shall comply with Local Rule 56.C.1. All counter statements shall correspond to the numbered paragraphs of the movant's concise statement on a paragraph-by-paragraph basis and shall address all facts which the respondent contends are contested or otherwise remain in dispute. The counter statement likewise shall comply with Local Rule 56.B.1 and each numbered paragraph shall contain clear and concise references to the parts of the record relied upon to support any counter statement of fact therein. All additional parts of the record referenced in the counter statement shall be presented in an appendix that complies with Local Rule 56.B.3.

The movant requesting summary judgment may file reply submissions in accordance with Local Rule 56.D. A reply submission to the respondent's counter statement of

material facts shall be limited to new or additional material facts advanced by the non-movant in additionally numbered paragraphs as authorized by 56.C.1.c. All additional parts of the record referenced in the reply statement shall be presented in a supplement to the non-movant or joint appendix that complies with Local Rule 56.B.3.

The failure to support any proposed concise statement, counter statement or reply statement with clear and concise references to the record that actually reflect or establish the proposition of fact advanced may result in the rejection of the proposition advanced or the reading of the record as presented by the opposing party. In accordance with Local Rule 56.E, in determining a dispositive motion the Court will assume that any actual facts identified in the concise or counter statement of material facts are admitted unless such facts specifically are controverted in the counter or reply statement of material facts.

IT IS FURTHER ORDERED that the pendency of motions, such as motions to dismiss, summary judgment and so forth, will not stay any compliance requirement established by this pretrial order or the Local Rules, including the period of discovery set forth above.

IT IS FURTHER ORDERED that the unexcused failure to file a motion or a response in a timely manner will result in appropriate sanctions, including the summary denial or granting of the motion. Either party's failure to comply with the requirements imposed by this case management order or to submit matters to the Court in a timely manner will result in appropriate sanctions, including the dismissal of the action for failure to prosecute or the granting of judgment for the failure to defend in a timely manner.

C. **PRETRIAL SETTLEMENT CONFERENCE**

A pretrial conference will be held after all dispositive motions have been resolved.  Trial counsel shall be present and shall be prepared to discuss the potential for settlement of the case and all remaining material issues of fact or law.  Counsel shall be prepared to comply with their obligations under Local Rule 16.1.C.6 at the conference.  Counsel also shall be prepared to identify and discuss any (1) contemplated pretrial motions that have not yet been filed, (2) disputes as to the admissibility of exhibits, (3) proposed special voir dire, and (4) need for or objection to an unusual procedure to be employed during trial.

D. **MISCELLANEOUS**

IT IS FURTHER ORDERED that the deadlines for all trial submissions, including, but not limited to, motions in limine, will be set pursuant to a Trial Management Order that will be issued following the final pretrial settlement conference.

IT IS FURTHER ORDERED that any depositions or portions thereof to be read into evidence shall be identified, marked for the record and disclosed in accordance with the Trial Management Order.  To the extent that the submission of any such proffered evidence will be challenged, the proponent of such evidence shall file a memorandum with the Court setting forth the grounds for the admissibility of such evidence at least seven (7) days prior to trial.  Any objection to the admissibility of such evidence shall be filed within three (3) days from the filing of the proponent's memorandum.  The uncontested portions of the evidence shall be marked and contain appropriate page references.

IT IS FURTHER ORDERED that after the case has been set for trial the absence of a party's expert witness will not be recognized as a basis to continue trial. Video services are available through the local bar association.

                                                                                                s/ David S. Cercone
                                                                                                Senior U.S. District Judge